# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **MARK VANDERPOOL** | **CIVIL ACTION NO:** _____ |
| **VERSUS** | **JUDGE** _____ |
| **WAL-MART LOUISIANA, LLC** | **MAGISTRATE** _____ |
| | **Jury Trial Requested** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL AND DEMAND FOR TRIAL BY JURY

WAL-MART LOUISIANA, LLC, defendant in the state court suit brought by plaintiff in the suit entitled "Mark Vanderpool v. Wal-Mart Louisiana, LLC," Docket No. C-2023-2528 G, of the 15th Judicial District Court, Parish of Lafayette, Louisiana, files this Notice of Removal of this case from the 15th Judicial District Court for the Parish of Lafayette, Louisiana, in which it is now pending to the United States District Court for the Western District of Louisiana.

1.

This case was commenced in the 15th Judicial District Court for the Parish of Lafayette, Louisiana, on May 22, 2023, as shown by a copy of the Petition for Damages, attached hereto as Exhibit "A."

2.

Since plaintiff prayed in his original Petition for Damages for a trial by jury but did not state whether the matter in controversy exceeded $75,000 in damages, defendant served Request for Admissions asking that he admit or deny that the matter in controversy arising out of the incident which occurred on July 6, 2022, which is the subject of the captioned matter, exceeds the sum of $75,000, exclusive of interest and cost, a copy attached as Exhibit "B."

3.

Defendant received Plaintiff's Responses to Requests for Admissions Propounded by Defendant on July 6, 2023, admitting that the amount in controversy exceeds $75,000, exclusive of interest and costs, a copy attached as Exhibit "C." Since that time, no other process, pleadings or orders have been served on defendants.

4.

Plaintiff's action is one of a civil nature in which the matter in controversy is in excess of $75,000, exclusive of interest and costs, for injuries allegedly received when, according to plaintiff's Petition, on July 6, 2022, he tripped on a chain connected to the bicycle display and rack near the gardening center and shopping cart area outside Walmart store #7301 located on Northeast Evangeline Thruway in Carencro, Lafayette Parish, Louisiana, causing him to fall and injuring himself and sustaining physical pain and suffering, mental anguish, loss of enjoyment of life, disfigurement and/or disability, medical expenses, lost wages/earnings, loss of earnings capacity, etc.

5.

According to his medical records, on the day of the accident plaintiff was transported by ambulance to Ochsner Lafayette General Hospital and x-rays revealed a right proximal humerus fracture. He underwent surgery on July 26, 2022 to repair the fracture. He underwent a right total shoulder replacement. Attached as Exhibit "D" are excerpts of his medical records. As per the attached Medical Expense Itemization of Mark Vanderpool (Exhibit "E") we have received medical bills which total $338,725.98. Damages award for shoulder surgeries range from $30,000 to $76,000. Please see *Blackwell v. Bossier* 747 So.2d 1248 (2nd Cir. 1999) for an award of $30,000 for a shoulder surgery, *Ezernack v. Progressive* 899 So.2d 870 (3rd Cir. 2005) for an award of $65,000 for a shoulder surgery and *Francis v. Brown* 671 So.2d 1041 (3rd Cir. 1996) for an award

of $60,000 for a shoulder surgery. In *Pierre v. Milford* 688 So.2d. 1093 (3rd Cir. 1996) $76,000 was awarded for a shoulder surgery.

6.

Defendant will be contesting the liability and damages aspect of this case and the causal relationship of some of the plaintiff's complaints and treatment to the accident in question. Defendant does not state in this Removal pleading, nor does defendant intend to argue at trial or post trial that plaintiff is entitled to any amounts, much less an amount greater than $75,000. However, that does not mean that the matter in controversy as claimed by plaintiff does not exceed the sum or value of $75,000. It is anticipated, based upon plaintiff's discovery response, that plaintiff will attempt to recover an amount in excess of $75,000. Defendant disputes that the plaintiff's injuries are as severe as he claims. However, the issue is what is the amount in controversy. The amount in controversy should be determined by the greatest amount the plaintiff could reasonably attempt to recover at trial. If for any reason plaintiff was to oppose this Removal and if the court was to remand the case to state court, we would respectfully request that this court enter an order preventing the plaintiff from attempting to recover any amounts in excess of $75,000 at any subsequent state court trial. Otherwise, defendant would be barred from trying the case in federal court while the plaintiff could attempt to recover an unlimited amount of damages in state court.

The said civil action as against the removing defendants is one in which the District Courts of the United States have original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, et seq., by virtue of the fact that at the time of the commencement of this action, and at all times since that time, plaintiff is a resident of and domiciled in the Parish of East Baton Rouge, Louisiana (as shown by the Petition for Damages, Exhibit "A"); and Wal-Mart Louisiana, LLC, is a Delaware limited

liability company. The sole member of Wal-Mart Louisiana, LLC, is Wal-Mart Stores, East, LP, a Delaware limited partnership, of which WSE Management, LLC, a Delaware limited liability corporation, is the general partner, and WSE Investment, LLC, a Delaware limited liability corporation, is the limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores, East, LLC, an Arkansas limited liability corporation, whose sole member is Walmart Inc. Defendant, Walmart Inc., is a Delaware corporation with its principal place of business in the State of Arkansas (as shown by Exhibit "F" attached hereto) and by virtue of the fact that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and cost.

7.

Upon the filing of this Notice of Removal, written notice thereof is hereby given to all adverse parties, and a Notice of Removal is being filed with the Clerk of the aforesaid state court to affect the removal of the said civil action as against the removing defendant, all as provided for by law.

8.

This cause is specifically removable to this Honorable Court pursuant to law, particularly the provisions of 28 U.S.C. §1441, et seq.

9.

Defendant reserves all rights to object to the jurisdiction of the state court proceedings should this court ultimately hold that this action was not removable or improperly removed thereto.

10.

In defendant's original Answer, it specifically reserved its right to request a trial by jury in

the event the plaintiff's cause of action exceeded the sum or value of $10,000. As a result of the plaintiff's Responses to Requests for Admissions and as a result of removal of this matter to federal court, defendant is entitled to and specifically requests a trial by jury on all issues filed herein or to be filed hereinafter.

WHEREFORE, premises considered, defendant prays that this Notice of Removal be accepted as good and sufficient, and that the aforesaid civil action be removed from the 15th Judicial District Court for the Parish of Lafayette, Louisiana, and into this Court for trial and determination as provided by law, particularly 28 U.S.C. §1441, et seq., and thereupon to proceed with said civil action as though originally commenced in this court and for all orders and decrees as may be necessary or appropriate in such cases made and provided. Defendant further prays for a trial by jury on all issues filed herein or to be filed hereinafter.

Respectfully submitted,

SWIFT & RHOADES, L.L.P.

By _____
JOHN G. SWIFT (#12612)
DONNA R. MOLIERE (#01492)
930 Coolidge Boulevard
P.O. Box 53107
Lafayette, LA  70505-3107
(337) 572-9877 - Fax (337) 572-9737
E-mail for service: jswift@swiftrhoades.com
ATTORNEYS FOR DEFENDANT,
WAL-MART LOUISIANA, LLC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MARK VANDERPOOL | CIVIL ACTION NO: _____ |
| VERSUS | JUDGE _____ |
| WAL-MART LOUISIANA, LLC | MAGISTRATE _____ |
| | **Jury Trial Requested** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **AFFIDAVIT**

STATE OF LOUISIANA

PARISH OF LAFAYETTE

BEFORE ME, the undersigned authority, personally came and appeared JOHN G. SWIFT, of lawful age, being duly sworn upon his oath, says that he has prepared and read the foregoing Notice of Removal and that the matters contained therein are true and correct to the best of his knowledge, information and belief and that a copy of the removal has been forwarded to the attorney for plaintiff by electronic transmission and depositing same in the U.S. mail, postage prepaid and properly addressed.

_____
JOHN G. SWIFT

SWORN TO AND SUBSCRIBED before me this __1__ day of August, 2023.

_____
ALICIA RHODES
NOTARY PUBLIC
Notary Identification No. 78521
My commission expires at my death